IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-22990-CIV-KING/BANDSTRA

EDUARDO ANTONIO FERNANDEZ PUJALS,
on behalf of EL REY DE LOS HABANOS, INC.,

      Plaintiff,

v.

JOSE GARCIA, JAIME GARCIA, JANNY
GARCIA, MY FATHER CIGARS, INC., EL REY DE
LOS HABANOS, INC.

      Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses (DE #23), filed December 6, 2010. The Court has been fully briefed on the matter.[1]

**I.   Background**

This is a shareholder derivative action. (DE #1). Plaintiff Pujals is a shareholder and director of El Rey de los Habanos, Inc. ("El Rey"), a corporation that manufactures and sells cigars. *Id.* ¶ 17. The individual Defendants, Jose Garcia, Jaime Garcia, and Janny Garcia, are officers and directors of El Rey, who allegedly created a second corporation, My Father Cigars,

---

[1] Defendants filed a Response to Plaintiff's Motion to Strike Defendants' Renewed Affirmative Defenses (DE #24) December 23, 2010. Plaintiff filed a Reply (DE #26) January 7, 2011.

1

Inc. ("MFC"), to complete with El Rey. *Id.* ¶¶ 20, 21, 31, 32. The individual defendants allegedly unlawfully transferred trademarks belonging to El Rey to MFC in order to usurp El Rey's business relationships. *Id.* ¶ 31. MFC is also named as a defendant in this action. (DE #1).

Plaintiff's Complaint alleges six causes of action: breach of fiduciary duties, conversion, tortious interference with advantageous business relationships, civil conspiracy, aiding and abetting breaches of fiduciary duties, and ultra vires. *Id.* In response, Defendants jointly filed an Answer and Affirmative Defenses (DE #12), and later filed Amended Affirmative Defenses. (DE #20). Plaintiff moves to strike all thirteen of Defendants' Affirmative Defenses on the ground that they are legally deficient as a matter of law. (DE #23).

## II.  Legal Standard

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters*, 73 So. 151 (Fla. 1916)). Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which requires 'a short and plain statement' of the defense." *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, — F.Supp. 2d —, 2011 WL 679850 *1 (S.D. Fla. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). An affirmative defense may also be stricken as insufficient if: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Blount v. Blue Cross and Blue Shield of Florida, Inc.*, Case No. 3:10-cv-1151-J-34MCR, 2011 WL 672450 (M.D. Fla. Feb. 17, 2011). The striking of affirmative defenses is a "drastic remedy" generally disfavored by courts. *Augustus v. Bd. of Public Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962);[2] *see also Blount*, 2011 WL 672450 at *1 ("Striking a defense . . . is disfavored by the courts.").

### III. Discussion

Defendants assert multiple affirmative defenses to each of the six counts in the Complaint, and further assert seven additional affirmative defenses to the Complaint as a whole. The Court will address each in turn.

#### A.   Affirmative Defenses to Count I: Breach of Fiduciary Duty

Defendants allege, "Plaintiff's claim for breach of fiduciary duty is barred because the parties to this action conducted business in an arm's length transaction in which there was no duty to protect the other party or disclose facts which Plaintiff could have discovered by its own diligence." (DE #20-1 at 1). Defendants further assert, "Plaintiff has failed to state a cause of action against the Defendants for the breach of duty owed to El Rey [because] no act or actions by any of the Defendants were precluded by agreement, either oral or written." *Id.* at 2.

The first defense, that the parties conducted business at arm's length, is essentially a

---

[2]Decisions of the United States Court of Appeals for the Fifth Circuit handed down by the close of business on September 30, 1980 are binding as precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

denial of the allegations in the Complaint that Defendants were officers and directors of El Rey which owed any fiduciary duty. Existence of a duty is part of Plaintiff's prima facie case for breach of fiduciary duty, and "[a] defense which points out a defect in the Plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv. Inc.*, 846 F.3d 1343, 1349 (11th Cir. 1989). Nonetheless, "the proper remedy is not [to] strike the claim, but rather to treat it as a specific denial." *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, Case No. 10-20357-CIV, 2010 WL 3368658 *2 (S.D. Fla. Aug. 24, 2010) (citation omitted). Accordingly, the motion to strike this defense is denied and it shall be treated as a specific denial.

Plaintiff argues the second affirmative defense to Count I, failure to state a claim because none of Defendant's acts were prohibited by any agreement between the parties, relies on inapplicable legal concepts. Plaintiff argues that the fiduciary duties imposed on corporate officers and directors arises solely from the existence of the relationship between the officer or director and the corporation, and the existence of an oral or written agreement is therefore irrelevant. *See FDIC v. Stahl*, 840 F.Supp. 124, 126 (S.D. Fla. 1993) ("Florida common law defines the relationship of a director and of an officer to the corporation and its stockholders as that of a fiduciary and requires a director to act with fidelity and the utmost good faith."). The existence of an agreement would only bear on the case if Defendants are not directors or officers, and do not have a relationship with the corporation giving automatically rise to fiduciary duties. In accordance with the principles outlined above, the Court will again treat this defense as a specific denial of the allegation that Defendants are corporate officers or directors, and deny the motion to strike.

## II. Affirmative Defenses to Count II: Conversion

Plaintiff's Complaint alleges Defendants converted certain trademarks owned by El Rey by transferring them, without authorization, to MFC. (DE #1 ¶¶ 32–34). As affirmative defenses, Defendants state that the trademarks were never the property of El Rey, and they were never created or developed by El Rey. (DE #20-1 at 3). Defendants concede in their Response that this defense simply points out a defect in Plaintiff's prima facie case: "Defendants assert that Plaintiff has failed to meet the prima facie elements of conversion because the Plaintiff has never had the right to possess the property that is alleged to have been converted." (DE #24 at 3). Accordingly, the Court treats this defense as a denial, and the motion to strike is denied.

## III. Affirmative Defenses to Count III: Tortious Interference with Advantageous Business Relationships

Plaintiff alleges that Defendants interfered with El Rey's advantageous business relationships with customers by soliciting and obtaining business from El Rey's customers that would have otherwise gone to El Rey. (DE #1 ¶¶ 50–51). Specifically, Plaintiff alleges Defendants have usurped many of El Rey's "private label" business customers.[3] As affirmative defenses, Defendants assert that Plaintiff has failed to state a cause of action because he has failed to allege that the interference was intentional, which is one of the elements of the tort. (DE #20-1 at 3). Defendants also state that El Rey continues to manufacture its private labels, and the business has thus not been interfered with. *Id.* These defenses simply point out a defect

---

[3]According to the Complaint, El Rey manufactures both its own branded cigars for sale and cigars for other companies to sell under their own brands and labels. (DE #1 ¶¶ 23–29). The latter is referred to as "private label" business. *Id.* ¶ 23.

in Plaintiff's prima facie case, and will be treated as denials. The motion to strike is denied.

Defendant further alleges that Plaintiff has failed to state a cause of action because the private labels are owned by private companies other than El Rey, and El Rey therefore "has no specific property interest in the private labels it manufactures." (DE #20-1 at 3). However, whether El Rey had a property interest in the private labels is irrelevant. To state a claim for tortious interference, a plaintiff need only allege existence of a business relationship. *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So.2d 381, 385 (Fla. 4th DCA 1999). There is no requirement that a plaintiff allege a "specific property interest" in property related to the business relationship. *See id.* "A motion to strike may be granted with regard to a defense, or parts of a defense, that can have no possible bearing upon the subject matter of the litigation." *Automated Transaction Corp. v. Bill Me Later, Inc.*, Case No. 09-61903-CIV, 2010 WL 3419282 *4 (S.D. Fla. Aug. 27, 2010) (quoting *Craig Funeral Home, Inc. v. State Farm Mutual Automobile Ins. Co.*, 254 F.2d 569, 572 (5th Cir. 1958)). El Rey's lack of a property interest in the private labels manufactured for other companies "can have no possible bearing" on this case, and this defense is stricken.

Defendants also argue a party may not be charged with interference with its own contract. (DE #20-1 at 5). However, Plaintiff alleges Defendants interfered not with their own business relationships, but with the relationships of El Rey. Accordingly, this defense similarly has no bearing on the case, and is stricken.

Finally, Defendants state as a defense that an action for tortious interference with advantageous business relationships will not lie where the interference is with a contract at will.

(DE #20-1 at 5). However, Defendants do not assert that Plaintiff's claims are based on at-will contracts, and do not allege any facts demonstrating that this statement of the law applies here. *See id.* "Although an affirmative defense 'does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, - - F. Supp. 2d - -, 2011 WL 679850 *1 (S.D. Fla. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This defense does not meet the Rule 8(a) standard and is stricken.

**IV.    Affirmative Defenses to Count IV: Civil Conspiracy**

Plaintiff alleges the individual defendants conspired to breach their fiduciary duties to El Rey, convert El Rey's trademarks, and tortiously interfere with El Rey's business relationships. (DE #1 ¶ 53). As affirmative defenses, Defendants state that (1) Plaintiff fails to state a cause of action because he has failed to allege an agreement between the Defendants; and (2) under Florida law, a corporation cannot conspire with its own directors, officers or employees. (DE #20-1 at 6). The first defense asserts there is a defect in Plaintiff's prima facie case, and is treated as a denial of allegations that an agreement existed. The second defense must be stricken because it "can have no possible bearing upon the subject matter of the litigation." *Automated Transaction Corp. v. Bill Me Later, Inc.*, Case No. 09-61903-CIV, 2010 WL 3419282 *4 (S.D. Fla. Aug. 27, 2010) (quoting *Craig Funeral Home, Inc. v. State Farm Mutual Automobile Ins. Co.*, 254 F.2d 569, 572 (5th Cir. 1958)). Here, Plaintiff has not alleged the corporation conspired with its officers, directors or employees. Plaintiff has alleged only that the officers and directors conspired with each other. (DE #1 ¶ 53). The asserted defense

7

...

is stricken.

## V. Affirmative Defenses to Count V: Aiding and Abetting Breach of Fiduciary Duty

Defendant asserts as an affirmative defense that "Plaintiff cannot establish a breach of fiduciary duty and therefore cannot establish a necessary element of a claim for aiding and abetting breach of fiduciary duty." (DE #20-1 at 6). Again, Defendant points out a defect in Plaintiff's prima facie case. The defense will be construed as a denial, and the motion to strike is denied.

## VI. Affirmative Defenses to Count VI: Ultra Vires

In Count VI, Plaintiff alleges the transfer of El Rey's trademarks to MFC was ultra vires and seeks to enjoin MFC from continuing to use El Rey's trademarks as its own. (DE #1 ¶¶ 66–68). As an affirmative defense, Defendants state: "[T]he alleged transfer of trademarks was within the scope of powers of El Rey." (DE #20-1 at 7). This is a denial of the allegations in the Complaint that the transfer was not authorized. It will be treated as a denial, and the motion to strike is denied.

Defendants additionally assert as affirmative defenses several statements of law without explaining how they apply to this case. For example, Defendants state that a corporation "may . . . ratify any act done on its behalf that it had the power to do; "directors of a corporation have wide discretion in the performance of their duties;" and "it is presumed that a corporation acts within its powers until the contrary is shown." (DE #20-1 at 7). Defendants do not allege any facts that would render these principles applicable. "Although an affirmative defense 'does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Mid-Continent Casualty Co. v. Active Drywall South, Inc.*, - - F. Supp. 2d - -, 2011 WL 679850 *1 (S.D. Fla. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Because Defendants "do[] not identify any factual basis" for these defenses, they do not comply with Rule 8(a), and are stricken. *See id.*

### VII. Affirmative Defenses Applicable to the Entire Complaint: Business Judgment Rule

Defendants state as an affirmative defense: "The acts or omissions which form the basis of Plaintiff's Complaint are protected under the business judgment rule." (DE #20-1 at 7). Plaintiff argues that because the Complaint alleges Defendants engaged in self-interested transactions, the business judgment rule does not apply and "is not a legally valid defense to the claims . . . alleged." (DE #23 at 14).

The business judgment rule is a judicial presumption that corporate officers and directors acted in good faith, even if their actions were ultimately detrimental to the corporation. *In re Bal Harbour Club, Inc.*, 316 F.3d 1192, 1194–95 (11th Cir. 2003). "Absent a showing of abuse of discretion, fraud, bad faith, or illegality," the business judgment rule dictates that missteps by corporate officials be deemed errors in business judgment rather than breaches of their duties to the corporation. *Int'l Ins. Co. v. Johns*, 874 F.2d 1447, 1461 (11th Cir. 1989). Plaintiff argues the Complaint alleges "abuse of discretion, fraud, bad faith, or illegality," such that the business judgment rule does not apply. However, these are legal conclusions that depend upon the determination of contested factual issues. Such a determination is not appropriate at the pleading stage. At this time, the Court can not find that the business judgment rule is an invalid defense

as a matter of law. The motion to strike is denied.

**VIII.  Affirmative Defenses to the Entire Complaint: Failure to Join Indispensable Party**

A party is "indispensable" if in its absence, the court cannot accord complete relief among the existing parties; proceeding without the party will impede the party's interests; or proceeding without the party exposes an existing party to the risk of incurring multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1).

Defendant alleges that Plaintiff has failed to join as an indispensable party Tacuba, S.A., a Nicaraguan cigar manufacturer who Defendant claims is actually the manufacturer of the private labels listed in the Complaint. (DE #20-1 at 8). Defendants state that Tacuba, S.A., and not El Rey, manufacturers the private labels, and that "any claim for alleged interference and conversion could only be brought on behalf of Tacuba, S.A." (DE #20-1 at 8). This is simply a denial of the allegations in the Complaint that El Rey manufactured the private labels at issue. Moreover, Defendants do not allege that Tacuba meets the Rule 19 definition of an indispensable party.  Specifically, Defendants do not assert why full relief cannot be accorded between themselves and Plaintiff, or how Tacuba, S.A. will be harmed by its absence from the instant proceedings. Defendants' contention is instead that Plaintiff has sued on behalf of the incorrect entity.  Even if that contention is true, "full relief" can be accorded among Plaintiff and Defendants, and Tacuba, S.A. will not be harmed.  Either Plaintiff will prove his case and recover on behalf of El Rey, or, if Defendants' assertions are correct, he will not prove his case and will not recover. Defendants have not alleged facts explaining why Plaintiff and Tacuba, S.A. must both be plaintiffs in this suit. Accordingly, the defense will be treated as a denial of

Plaintiff's allegations that El Rey manufacturers the private labels listed in the Complaint, and will not be stricken.

### IX. Affirmative Defenses to the Entire Complaint: Unclean Hands

Defendants allege Plaintiff has "unclean hands" because he has engaged in the same conduct that he describes in his Complaint. (DE #20-1 at 9). Specifically, Defendants allege Plaintiff's solely-owned corporation, Tropical Tobacco, has registered its own trademarks after incorporation of El Rey, and has contracted with private label clients who originally contracted to do business with El Rey. *Id.* Plaintiff moves to strike on the ground that the unclean hands doctrine "only applies to equitable remedies and does not bar a plaintiff from recovering damages," (DE #23 at 15), and Defendants have not established that Plaintiff's wrongdoing was "directly related" to the claims asserted by Plaintiff. *Id.*

As an initial matter, Plaintiff seeks injunctive relief, which is an equitable remedy. (DE #1 at 14) ("[Plaintiff] demands judgment . . . enjoining MFC, preliminarily and permanently, from continuing to use El Rey's trademarks and intellectual property as its own."). Plaintiff correctly states that to assert an affirmative defense of unclean hands, "the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted." *Royal Palm Properties, LLC v. Premier Estate Properties, Inc.*, Case No. 10-80232-CV, 2010 WL 3941745 *2 (S.D. Fla. 2010). Here, the alleged wrongdoing by Plaintiff is exactly the same type of conversion and breach of loyalty to the corporation that are the basis of Plaintiff's own claims, and is thus "directly related." *Royal Palm Properties*, 2010 WL 3941745 at *2 (finding unclean hands affirmative defense sufficient where Defendant alleged "Plaintiffs .

. . engaged in exactly the same allegedly unlawful copying of advertising and marketing materials that are the basis of Plaintiff's own claims."). Accordingly, the motion to strike this affirmative defense is denied and it stands as an affirmative defense.

X.   **Affirmative Defenses to the Entire Complaint: Estoppel**

Defendants allege Plaintiff is estopped from asserting his claims or enforcing any contractual or other agreements with Defendants. (DE #20-1). Defendants do not allege why Plaintiff is estopped from asserting his claims. These are the type of "bare bones conclusory allegations [that] must be stricken" for failure to comply with Federal Rule of Civil Procedure 8. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F.Supp. 2d 1314, 1318 (S.D. Fla. 2005). The motion to strike is granted.

XI.  **Affirmative Defenses to the Entire Complaint: Waiver**

Defendants allege Plaintiff waived any claims he had against Defendants "by reason of his own course of conduct," without alleging any facts detailing how Plaintiff waived his claims. (DE #20-1 at 11). Again, these are "bare bones conclusory allegations" that must be stricken. The motion to strike is granted.

XII. **Affirmative Defenses to the Entire Complaint: Duty of Good Faith and Fair Dealing**

Defendants state as an affirmative defense, "Plaintiff has acted in bad faith and violated the implied covenant of good faith and fair dealing in the performance of its duties to El Rey." (DE #20-1 at 12). Defendants do not allege how Plaintiff acted in bad faith or violated the covenant of good faith and good dealing. Because these are "bare bones conclusory allegations," this defense will be stricken.

### XIII. Affirmative Defenses to the Entire Complaint: Failure to Establish Necessary Elements for Injunctive Relief

Finally, Defendants assert as an affirmative defense that Plaintiff has not sufficiently pled the elements required for injunctive relief. (DE #20-1 at 12). Defendants alleged defects in Plaintiff's prima facie case rather than stated an affirmative defense. Consistent with the above rulings, the Court will treat this defense as a denial, and deny the motion to strike.

### XIV. Conclusion

Accordingly, upon careful consideration of the record and for the foregoing reasons, it is hereby

**ORDERED, ADJUDGED and DECREED** as follows:

1. Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses **(DE #23)** is **GRANTED in part** and **DENIED in part.**

2. The Motion is **GRANTED** as to Defendants' Affirmative Defenses X (estoppel), XI (waiver), and XII (breach of the duty of good faith and fair dealing). These defenses are **STRICKEN.**

3. The Motion is **DENIED** as to Defendants' Affirmative Defenses VII (business judgment rule) and IX (unclean hands), and these defenses stand as affirmative defenses.

4. The Motion is **DENIED** as to all Defendants' Affirmative Defenses to Counts I (breach of fiduciary duty), II (conversion), V (aiding and abetting breach of fiduciary duty) in the Complaint; as well as Defendants' Affirmative Defenses numbered VIII (failure to join an indispensable party) and XIII (failure to

establish necessary elements for injunctive relief). These defenses **SHALL** be construed as specific denials, and they are not stricken.

5. As to Defendants' Affirmative Defenses to Count III of the Complaint (tortious interference with advantageous business relationships), the motion is **DENIED** as to the defense that Plaintiff has failed to state a claim. The defense **SHALL** be treated as a specific denial, and is not stricken. The Motion is **GRANTED** as to the remaining defenses to Count III, and the remaining defenses are **STRICKEN.**

6. As to Defendants' Affirmative Defenses to Count IV of the Complaint (civil conspiracy), the motion is **DENIED** as to the defense that Plaintiff failed to allege an agreement between Defendants. The defense **SHALL** be treated as a specific denial, and is not stricken. The Motion is **GRANTED** as to the remaining defenses to Count IV and they are **STRICKEN.**

7. As to Defendants' Affirmative Defenses to Count VI of the Complaint (ultra vires), the Motion is **DENIED** as to the defense that the transfer of trademarks was within the scope of powers of El Rey. The defense **SHALL** be treated as a specific denial and is not stricken. The Motion is **GRANTED** as to the remaining defenses to Count VI, and they are **STRICKEN.**

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 28th day of March, 2011.

*/s/ James Lawrence King*
THE HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**Cc:**

**Counsel for Plaintiff**

**Jorge David Guttman**
Bilzin Sumberg Baena Price & Axelrod LLP
1450 Brickell Avenue
Suite 2300
Miami, FL 33131-3456
305-374-7580
Fax: 374-7593
Email: jguttman@bilzin.com

**Jose Manuel Ferrer**
Bilzin, Sumberg, Baena, Price & Axelrod, LLP
1450 Brickell Avenue
Suite 2300
Miami, FL 33131-3456
305-374-7580
Fax: 305-374-7593
Email: jferrer@bilzin.com

**Counsel for Defendants**

**Omar Ortega**
Dorta & Ortega PA
800 S Douglas Road
Douglas Entrance Suite 149
Coral Gables, FL 33134
305-461-5454
Fax: 461-5226
Email: ortegalaw@bellsouth.net